# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL GARZA JR., | Case No.: 1:17-cv-01490 LJO JLT |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DENY THE REQUEST TO PROCEED IN FORMA PAUPERIS AND TO DISMISS THE COMPLAINT FOR LACK OF JURISDICTION |
| v. | |
| RAUL CANTU GARZA, | (Docs, 1, 2) |
| Defendant. | |

Mr. Garza claims that after his mother died, his father, Raul Cantu Garza, cashed the social security survivor benefits checks and did not save the money for the plaintiff's college education. (Doc. 1) He claims his father defrauded him and, in cashing the checks, violated the 14th Amendment. Because the complaint fails to demonstrate federal court jurisdiction or to state a claim, the Court recommends the motion to proceed *in forma pauperis* be **DENIED** and the complaint be **DISMISSED** without leave to amend.

**I.     Motion to proceed *in forma pauperis***

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if

1

leave to proceed *in forma pauperis* ("IFP") is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).

If a plaintiff seeks to proceed *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or … seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989) (finding claims may be dismissed as "frivolous" where the allegations are "fanciful" or "describe[e] fantastic or delusional scenarios").

The Court recommends Plaintiff's application to proceed *in forma pauperis* be **DENIED** because, as discussed below, the allegations of the complaint fail to allege a claim giving rise to federal court jurisdiction.

## II.    Allegations of the complaint

Plaintiff alleges that in either 1996 or 1997, his mother died. (Doc. 1 at 3) Consequently, he became eligible for social security survivor benefits. Id. He reports that these benefits were supposed to be saved to pay for his college education but that his father, rather than the plaintiff, received the checks. Id. The plaintiff reports that he never received "one cent" from the social security checks. Id. He asserts a violation of the 14th Amendment and claims he father "frauded" him by cashing the checks using the father's "id." Id. He seeks $50,000 in compensatory damages and $200,000 in punitive damages.

## III.    Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less

2

stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

///
///

3

# IV. Discussion and Analysis

## A. Federal Court jurisdiction

Section 1983 of Title 42 is "a method for vindicating federal rights elsewhere conferred" and does not provide substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In pertinent part, Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) a constitutional right was deprived and (2) a person who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 28 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir.1976).

Thought the plaintiff claims he suffered a violation of his 14th Amendment rights, such a claim cannot proceed because his father does not act under color of law. 42 U.S.C. § 1983. Moreover, his claim, in essence, is that his father stole the money that he was to receive from the survivor benefits accruing after his mother's death.[1] There mere fact that the money the defendant "stole" were social security checks does not convey federal court jurisdiction. Thus, the matter must be dismissed for lack of federal court jurisdiction.

## B. Statute of limitations

Section 1983 does not contain its own statute of limitation, but the federal court applies the forum state's statute of limitations. *See Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir.2007); *see also Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir.2009) ("State law governs the statute of limitations period for § 1983 suits"). California's statute of limitations for personal injury claims is two years. *See* Cal. Code Civ. P. § 335.1; *Canatella*, 486 F.3d at 1132; *Butler v. Nat'l Cmty.*

---

[1] Notably, survivor benefits for children are intended to replace the household income lost due to the death of the parent. It is intended to pay for the child's housing, food, clothing and medical care necessary to allow the child to complete high school. (http://www.ssa.gov/pubs/EN-05-10085.pdf, accessed January 25, 2018). Notably, the plaintiff does not claim that his father failed to provide him these basic necessities of life. Moreover, of course, the claim that the money was supposed to be used for college is inconsistent with the purposes for survivor benefits. Thus, though there is clearly no federal court jurisdiction, it is unlikely there is a state court cause of action either.

*Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014). Thus, the plaintiff was required to bring any claims for violations of his constitutional rights within two years, though the limitation period would be tolled until he reached the age of majority. Cal. Code Civ. P. 352(a). Nevertheless, the plaintiff seems to indicate that he is older than 25. (Doc. 1 at 3) Thus, it appears that the action is barred by the statute of limitations.

### C. Fraud

To state a claim for fraud, the plaintiff must demonstrate that the defendant: (1) made a statement knowing it to be false; (2) intended the plaintiff to rely upon the false statement; (3) the plaintiff reasonably relied upon the statement; (4) the plaintiff suffered harm; and (5) the false statement was the cause of the harm. The plaintiff does not state facts to support that the defendant engaged in fraud. Rather, the allegations indicate that the defendant stole money that the plaintiff believed was supposed to have been held to pay for his college education. Thus, the claim for fraud cannot succeed.

## VI. Findings and Recommendations

Plaintiff has failed to demonstrate federal court jurisdiction. Likewise, it appears his claims under California law are barred by the statute of limitations and for his failure to state a claim. Therefore, dismissal of the complaint is appropriate. *See Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper where it is obvious that an opportunity to amend would be futile).

Based upon the foregoing, the Court **RECOMMENDS**:

1. Plaintiff's complaint be **DISMISSED** without leave to amend; and
2. The Clerk of Court be directed to close this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

    Dated: __**January 25, 2018**__            ____**/s/ Jennifer L. Thurston**
                                                         UNITED STATES MAGISTRATE JUDGE